CARRIE A. THOMPSON *vs.* INDUSTRIAL TRUST CO. *Ex. et al.*

DECEMBER 19, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J.   This is a proceeding in equity for the construction of a will which, being ready for final decree, was certified to this court.   (G. L., C. 339, Sec. 35.)

The complainants are Jeannette W. Fairbrother, a single woman fifty-one years of age, and her sister, Carrie A. Thompson, a widow sixty-three years of age.   Their father, George J. Fairbrother, died November 13, 1915.   By his will, executed March 22, 1913, after providing for the payment of his debts, he gave his personal effects, furniture, horses and stable equipment to his two daughters in equal shares.   The residue of his estate was left in trust during the lives of the two daughters with instructions to the trustee after the death of each daughter, to pay her share in the trust estate to her issue, if any; in default of issue said share was to be added to the share to which the other daughter or her issue was then entitled.   The will further provides that the trustee shall hold the share of the trust estate to which each daughter living at the decease of testator may be entitled, in trust to pay to such daughter during her life the net income arising from her share, and if in any year the net income therefrom is less than $500 the

trustee is directed to pay to such daughter from the principal of her share, such sum as with the net income shall equal the sum of $500. Then follows this clause which is the subject of the present enquiry: "and I empower my trustee in case of unusual need, to make such further payments out of the principal of such share to such daughter as it may in its discretion deem best."

The trustee divided the trust estate into two equal portions and said trustee and respondent, the succeeding trustee, have regularly paid the net income of each share, which is now of the value of about $17,000 to each daughter. At first the payments from income to each were $75 a month; in 1919 they were increased to $80. In addition to the payments of income, the trustee has at different times paid certain bills of complainants for medical attendance out of the principal of the trust estate.

Complainants allege that they are now and for a long time have been in unusual need, in want and suffering for the ordinary necessities of life and that for the adequate support of each, in accordance with their condition in life, a payment to each of not less than $115 a month is necessary; that the trustee has been requested to make payments to them from the principal in accordance with the terms of the will, but the trustee being in doubt as to its authority has refused to do so, without the sanction of the court.

Complainants are the only issue of the testator, Mrs. Thompson never having had any children. The testator was a man of moderate means. He maintained a comfortable home and provided generously for his wife and daughters. Mrs. Thompson lived with her father and was supported by him until her marriage in 1908; from that time until the death of her husband, which occurred shortly after testator's decease, she lived with her husband. Miss Fairbrother was a school teacher for a number of years and she had always lived at home with her father, who supported her. In 1909 she was compelled to give up her occupation because of illness and thereafter was entirely dependent on

her father for her support. The wife of the testator died in 1913. Shortly after her decease the testator made his will. He was advanced in years, and in failing health. Miss Fairbrother was sick much of the time and the testator was told by her physician that she could not live for any length of time; Mrs. Thompson testified that neither she nor her father expected that Miss Fairbrother would live long.

After the death of testator and of Mr. Thompson, the two daughters pooled their resources and they have lived together ever since. The furniture and other personalty were sold for $2,000 and the money thus secured was used by the sisters for their joint support until July, 1922. The sisters then began to use for their support a bequest of $2,000 which had been left to Mrs. Thompson by her husband. This money was exhausted in February of the present year. The sisters now have no property except the income from the trust estate which is all used to pay for their lodging and board. They are now without sufficient clothing and are unable to pay for necessary medical attention. Mrs. Thompson takes care of her sister, who requires constant care, and thereby saves the expense of a nurse. The respondents are the trustee, the nephew and nieces and certain other relatives of testator. As to some of respondents, the bill was taken *pro confesso*. The other remaindermen do not object to the payments of $115 a month, but the suggestion is made that future payments should be of such an amount that the petitioners should not, by reason of the exhaustion of the principal, become a charge on the public or on the charity of their relatives.

Complainants do not seek in this proceeding to control or to interfere with the trustee's discretion. The sole question is whether the situation is such as to authorize the trustee to exercise its discretion. The discretion of the trustee is to be used "in case of unusual need." The limitation of the discretion is relative not absolute; its measure is to be determined in view of the circumstances of the particular

case. The intention of the testator is the guide and the test in the construction of the clause in question. It is plain from the general provisions of the will that the chief purpose of the testator was to make provision for both daughters for life, or in the event of the death of one, for the surviving daughter. The respondent remaindermen were to take only on failure of issue of the daughters and in the words of the will "in case the whole or any part of the trust estate shall fail to be finally disposed of under the foregoing limitations." The bequest of the remainder was evidently of secondary importance in the mind of the testator. He must have realized that the trust for his daughters might exhaust the trust estate and leave no remainder. That complainants are in need is established. Their situation has changed much for the worse since the testator's death. The cost of living has greatly increased and complainants' present need for medical attendance and other necessities will probably continue indefinitely. The continued illness of Miss Fairbrother and the constant attention given to her by Mrs. Thompson prevent the sisters from doing anything for their own support. The trustee in its brief argues that as the condition of complainants is a continuing condition, it is not the unusual need contemplated by testator; that it is only in an emergency or in the event of some special, temporary need that the principal can be used. This construction we think is too narrow and would tend to defeat the testator's intention. The fact of unusual need once established, as it is in the present case, is not changed by the duration of the need. The trustee should, in the exercise of its discretion, in making payments from principal so far as is reasonable try to conserve the principal so that it shall not be entirely consumed in the lifetime of complainants. But this consideration we think is subordinate to the relief of the present needs of complainants. Without meaning to control the discretion of the trustee, we think the payment of $115 a month to each sister is now warranted and that the

trustee can properly hereafter either increase or decrease these payments as conditions in the future may require.

Our conclusion is that a condition of unusual need exists which gives the trustee a discretion to make payments out of principal as well as income.

The parties may, on Monday, December 29, 1924, present to this court a form of decree in accordance with this opinion.

*Elmer E. Tufts, Jr., Edwards & Angell*, for complainants.

*Huddy, Emerson & Moulton*, for Trust Co.

*Hinckley, Allen, Tillinghast & Phillips, Frederick W. Tillinghast*, for respondents Burnham.

*John W. Baker*, guardian *ad litem, pro se ipso*.